PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MENACHEM KUSHNERSKI, | ) | |
| | ) | CASE NO. 1:23CV0904 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARTIN J. O'MALLEY,[1] | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 13] |

On September 13, 2017, an Administrative Law Judge ("ALJ") denied Plaintiff Menachem Kushnerski's application for disability insurance benefits ("DIB"). *See* Transcript of Proceedings (ECF No. 5) at PageID #: 37-48. The claimant sought judicial review of the Commissioner's decision. *See Kushnerski v. Saul*, No. 1:18CV1229 (N.D. Ohio filed May 31, 2018). In August 2019, the district court reversed the decision of the ALJ and remanded the case for reevaluation and analysis of the opinion of Zyama Goldman, M.D., Plaintiff's treating psychiatrist, and proper application of the treating physician rule. *Kushnerski v. Saul*, No. 1:18CV1229, 2019 WL 4110451 (N.D. Ohio Aug. 29, 2019) (ECF No. 5 at PageID #: 680-90).

The same ALJ conducted another hearing on June 26, 2020. *See* ECF No. 5 at PageID #: 657-72. Thereafter, the ALJ denied Plaintiff's application for DIB in the above-captioned case. *See* ECF No. 5 at PageID #: 629-50. The ALJ spent a few pages of his decision evaluating Dr.

---

[1] Kilolo Kijakazi was the original Defendant. He was sued in an official capacity as a public officer. On December 20, 2023, Martin J. O'Malley became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), O'Malley's name has been automatically substituted as a party.

(1:23CV0904)

Goldman's opinions and discussing the reasons for according little weight to those opinions. *See* ECF No. 5 at PageID #: 644-48. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Jennifer Dowdell Armstrong for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a Report and Recommendation (ECF No. 11) reasoning that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence and was made pursuant to proper legal standards. The magistrate judge recommends the Commissioner's decision denying benefits be affirmed. For the reasons given below, the undersigned agrees.

**I.**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g). The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews,*

2

Case: 1:23-cv-00904-BYP  Doc #: 15  Filed: 06/28/24  3 of 7.  PageID #: 2156

(1:23CV0904)

574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Besaw v. Sec'y of Health and Human Servs., 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. Cutlip v. Secretary of Health and Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citing Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. Wyatt v. Sec'y of Health and Human Servs., 974 F.2d 680, 683 (6th Cir. 1992).

For the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be

3

(1:23CV0904)

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* Colvin v. Barnhart, 475 F.3d 727, 730 (6th Cir. 2007); *Cabrera v. Comm'r of Soc. Sec.*, No. 1:20CV1947, 2022 WL 782607, at \*2 (N.D. Ohio March 15, 2022).

## II.

The Court has reviewed the Report and Recommendation (ECF No. 11) *de novo*. The Court has also considered Plaintiff's Objections to the Report and Recommendation (ECF No. 13) and Defendant's Response (ECF No. 14). Plaintiff requests that the Court again remand the case to the Commissioner for proper consideration of the opinion of Dr. Goldman, his treating psychiatrist since 2015 who specializes in mental health treatment. *See* ECF No. 13 at PageID #: 2144, 2150.

Plaintiff claims he is disabled due to degenerative disc disease; myofascial pain dysfunction disorder; chronic pain syndrome; major depressive disorder; schizophrenia; and, generalized anxiety disorder. *See* Transcript of Proceedings (ECF No. 5) at PageID #: 236; 266; 632. The magistrate judge recommends that the Court affirm the final decision of the Commissioner denying Plaintiff's application for DIB. After carefully reviewing the law, the parties' arguments, and the evidence of record, the Court concludes that the ALJ correctly assessed the proffered evidence and correctly applied the law to that evidence.

## III.

Plaintiff objects to the finding of the magistrate judge that the Commissioner's decision is supported by substantial evidence. According to Plaintiff, the ALJ should have assigned controlling weight to the opinion of Dr. Goldman and did not articulate good reasons for

4

(1:23CV0904)

discounting the opinion of his treating psychiatrist. Plaintiff also argues the finding that the opinion of Dr. Goldman is inconsistent with the other "substantial evidence" is not supported by substantial evidence.

For claims filed prior to March 27, 2017, such as the one in the case at bar, a treating source's medical opinion on the issue of the nature and severity of an impairment is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). *See also* Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013). "The Commissioner is required to provide 'good reasons' for discounting the weight given to a treating-source opinion." *Id.* (citing 20 C.F.R. § 404.1527(c)(2)). Only if the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed by balancing factors: "length, frequency, nature, and extent of the treatment relationship, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence." Thaxton v. Comm'r of Soc. Sec., 815 Fed.Appx. 955, 959 (6th Cir. 2020) (quoting *Gayheart*, 710 F.3d at 376).

Plaintiff submitted for the record the following documents, which were in a checkbox form, from Dr. Goldman regarding Plaintiff's mental functioning: (1) Mental Residual Functional Capacity ("RFC") Questionnaire, dated July 26, 2016 (ECF No. 5 at PageID #: 572-77), and (2) Mental RFC Questionnaire, dated October 10, 2019 (ECF No. 5 at PageID #: 1004-1009). The Court agrees with the magistrate judge that the ALJ had good reason to accord the opinion of Dr. Goldman little weight. The ALJ's primary concern was "the inconsistencies

5

(1:23CV0904)

between [Dr. Goldman's] opinions and the observations and documentation from other clinicians in the record." ECF No. 5 at PageID #: 645. Both Dr. Goldman's findings and his opinion were outliers – suggesting "florid" mental limitations that should have been obvious to any medical observer, yet none of Plaintiff's other doctors reported any more than moderate symptoms. *Compare* Medical Record from Dr. Goldman (ECF No. 5 at PageID #: 410) (Plaintiff was guarded, suspicious, tangential, and circumstantial, with distractible and redirectable attention/concentration, impaired cognition, and fair memory) *with* Medical Record from Ilia Itin, M.D., a neurologist at the Cleveland Clinic Foundation (ECF No. 5 at PageID #: 383-94) (Dr. Itin did not note any florid psychotic symptoms, distractibility, or unusual behavior); Psychological Consultative Examination Report from J. Joseph Konieczny, Ph.D., a psychologist (ECF No. 5 at PageID #: 417-19) (finding no more than mild limitations in Plaintiff's ability to understand, remember, and apply information); and, Medical Record from Jahangir Maleki, M.D., Ph.D. at the Cleveland Clinic Foundation Neurological Center for Pain (ECF No. 5 at PageID #: 517-23) (observed that Plaintiff remained coherent and fully oriented during his examination). The ALJ also found that "[w]hile Dr. Goldman's treatment records contain numerous checklist endorsements of psychiatric symptoms, they do not contain sufficient documentation of functional limitations or narrative descriptions of deficiencies in the claimant's ability to make decisions, care for himself, and communicate with others to warrant ratings of extreme limitation. In fact, Dr. Goldman's treatment notes are handwritten and many are almost completely illegible." ECF No. 5 at PageID #: 647-48.

In addition, Plaintiffs objections amount to a request to reweigh the evidence considered by the ALJ in this case, which the Court is not permitted to do. *See Brainard v. Sec'y of Health*

6

(1:23CV0904)

*& Hum. Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) ("We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence." (citation omitted)); *Rottmann v. Comm'r of Soc. Sec.*, 817 Fed.Appx. 192, 196 (6th Cir. 2020) ("[t]his court does not weigh evidence, assess credibility, or resolve conflicts in testimony—that's the ALJ's job." (citation omitted)).

**IV.**

Accordingly, Plaintiff's Objections (ECF No. 13) are overruled. The Report and Recommendation (ECF No. 11) is adopted. The decision of the Commissioner of Social Security is affirmed. Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

| | |
|---|---|
| June 28, 2024 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

7